## FISHBURN *v.* JONES.

INDEMNIFYING BOND.—*Fraudulent Representation.—Guarantee.*—In an action upon a bond given with surety by one partner to another to indemnify the latter against the partnership liabilities, false and fraudulent representations as to the amount of these liabilities, made to the surety for the purpose of inducing him to execute the bond, by the partner to whom the bond was given, it was *held,* would constitute a good defence to the action against such surety. Such representations, without an averment of fraud, will not be sufficient in pleading. Nor will an answer that the party receiving the bond guaranteed that the firm liabilities should not exceed a certain sum be sufficient, no guarantee being contained in the bond.

APPEAL from the Lake Common Pleas.

PETTIT, J.—The appellant sued Jones, the appellee, and one Childs, on a bond given by Childs as principal, and Jones as surety, to appellant, to indemnify him against certain liabilities contracted by appellant and said Childs, under the firm name of Childs & Fishburn. The penalty of the bond is fifteen hundred dollars, and conditioned that Childs shall well and faithfully pay off and discharge, and otherwise save the appellant harmless from all liabilities on account of said firm's indebtedness; and pay off and hold appellant safe and harmless as the surety of Childs on a note given to Stevens & Son. The breaches assigned are the payment by the plaintiff of a large amount of the firm indebtedness, and the note given to Stevens & Son. Jones answered in three paragraphs. The first admits the execution of the bond, and affirms that he signed it as surety for the defendant, Childs; that the appellant fraudulently and designedly, and with intent to procure the appellee to sign said bond as Childs' surety, misrepresented the amount of liabilities of the firm of Childs & Fishburn, in this: that said firm, at the date of the signing of said bond, had on hand three hundred dollars; that the firm liabilities, including the note to A. Stevens & Son, did not exceed five hundred dollars; that the firm would immediately apply the three hundred dollars on hand to the payment of the debts; that the residue of said indebtedness could and

would be easily paid in the regular business to be carried on by said Childs as successor of the firm of Childs & Fishburn; that appellee, relying on the representations and believing them to be true, signed the bond; that the same were false, etc., in this: that said firm did have on hand three hundred dollars, and did apply it in payment of the debts; and Childs did apply all moneys he could raise out of the business to the payment of the indebtedness, yet they were insufficient to discharge the same by one thousand dollars; that said firm indebtedness did exceed five hundred dollars, by at least five hundred dollars, "all of which the plaintiff well knew."

The second paragraph of the answer is exactly the same as the first paragraph, except that it leaves out and omits any charge of fraud as stated in the first paragraph, and instead thereof asserts that Fishburn, the appellant, at and before the time of executing the bond by Jones, guaranteed that the firm indebtedness of the firm of Childs & Fishburn did not exceed six hundred dollars; that the appellee relied on the guarantee, and believing it to be true, signed the bond. The paragraph then concludes like the first, except it does not charge fraud.

The third answer sets up the same facts as the first and second, with the exception that it simply avers that Fishburn "represented and stated" said facts to be true; that Jones relied on them and signed the bond, whereas in truth and in fact they were untrue. This answer omits all allegations of fraud as charged in the first paragraph and of guarantee as charged in the second.

To these several answers the plaintiff, Fishburn, filed separate demurrers, assigning for cause that the answers did not state facts sufficient to constitute a defence.

The demurrers were overruled by the court, and this ruling excepted to by the appellant.

The overruling of the demurrers to the answer is assigned for error.

The first paragraph, directly charging fraud and fraudulent intent, with all of the facts and circumstances attending the

Fishburn v. Jones.

execution of the bond by Jones, is so palpably good that we shall cite no authorities, but will only remind counsel and parties "that fraud renders void all contracts."

The second and third paragraphs of the answer are, in our opinion, clearly bad, and the demurrer ought to have been sustained to them. The second paragraph says that plaintiff guaranteed, etc. This is not in the bond, and cannot be injected into it to vary its conditions by answer or verbal evidence. The principle or rule is, that when parties, after whatever conversation or preparation, at last reduce their contract to writing, this must be looked on as the final consummation of their negotiation, and the exact expression of their purpose. And all earlier agreements, which are not incorporated into the written contract, must be considered as intentionally rejected. 2 Pars. Con. 548; Willard Eq. 75.

The third paragraph charges neither fraud nor guarantee, but simply that appellant represented and stated, that the debts of the firm would not exceed five hundred dollars. We do not decide that false representations, though honestly and innocently made, may not operate as a fraud and vitiate a contract made on or under them; but we do decide that in such a case the answer must contain a charge of fraud, or it will be bad.

The demurrers to the second and third paragraphs of the answer should have been sustained, and because they were not, the judgment must be reversed.

There are a number of errors assigned in reference to the action of the court after disposing of the demurrers to the answer, which we are not fully agreed upon, and as the issues have to be re-made, we think it unimportant to decide them.

The judgment is reversed, at the costs of the appellee, and remanded for further proceedings.*

*A. L. Jones, W. H. Calkins,* and *A. D. Bartholomew,* for appellant.

*S. I. Anthony* and *T. J. Merrifield,* for appellee.

*Petition for a rehearing overruled.